## Mary E. McIntosh et al. v. Sylvia M. Ransom et al.

1. PRINCIPAL AND AGENT—*Payment of Note to Agent Before Maturity.*—In the case of a general financial agent, or where the course or habit of dealing between the parties is such as to extend the ordinary authority of the agent, a valid payment may be made to the latter even before the maturity of a note.

2. SAME—*Authority of Agent to Receive Payment of Debt Before Maturity.*—Although authority to an agent to receive payment of a debt is not of itself authority to receive it before maturity, yet such authority may be implied from a known usage of trade or course of dealing in the particular employment, or from a prior course of dealing between the principal and agent.

Bill for Cancellation of a Note.—Appeal from the Circuit Court of Winnebago County; the Hon. CHARLES E. FULLER, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

R. G. McEVOY, attorney for appellants.

R. K. WELSH, attorney for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

April 20, 1891, Sylvia M. Ransom and W. L. Ransom executed three promissory notes of that date, one for the principal sum of $500 payable to the order of James S. Reid, another for the principal sum of $2,050, payable to the order of Charles R. Potter, and the third, the one in controversy, for $1,000, payable to the order of M. S. Parmele. All of the notes were payable five years after date with interest at the rate of seven per cent, and were secured by a certain trust deed, executed to the appellant William Knapp. The first two notes have been paid. At the April term, 1897, of the Winnebago county Circuit Court, Sylvia M. Ransom filed her bill to cancel the $1,000 note and trust deed aforesaid, alleging that the note had been paid. Appellants answered denying the right to cancel the note and trust deed and filed a cross-bill to foreclose the trust deed for non-payment of the note.

The court found the note was paid and entered a decree for the complainant in the original bill and dismissed the cross-bill for want of equity.

Prior to its maturity, the note in question was sold and indorsed by Parmele to Mary E. McIntosh, who has been the owner thereof ever since. It is claimed by appellee that payment of the note was made by Sylvia M. Ransom to Parmele, and that he was at the time of such payment the agent of appellant Mary E. McIntosh, to receive the same. Appellant claims that Parmele was not authorized to receive any of the payments alleged to have been made on the note, and that an alleged payment of $500, if made by Sylvia M. Ransom, was before the maturity of the note, and made at her peril, and can not be charged against appellant McIntosh even if Parmele was then her agent. Appellant also denies that other alleged payments were made.

The case was here once before, on appeal by the same appellant, and was reversed and remanded. The opinion was reported in 74 Ill. App. 374.

Upon the last trial considerable additional evidence was introduced in favor of appellees, and we are of opinion that the finding of the chancellor was justified upon the evidence presented by the present record. It appears from the testimony of Parmele, which is corroborated by his books and by the testimony of clerks in his office, and also the admissions of Mrs. McIntosh herself, that Parmele was the agent of the latter in loaning her money from time to time and in conducting her financial affairs generally. The evidence shows that $500 was paid on this note before maturity, and that the balance was paid in May, 1896, out of funds arising from a sale of a portion of the mortgaged premises. Parmele testifies that Mrs. McIntosh knew the money was collected and asked him to reloan it, and that she authorized him to collect the portion of the money paid before it became due, because the security was scant and she wished to decrease the loan for that reason. She also said in answer to a question whether she expected him

to collect the principal for her, "Yes, he said he would do it when he was getting the rent."

In the case of a general financial agent, or where the course or habit of dealing between the parties is such as to extend the ordinary authority of the agent, a valid payment may be made to the latter even before the maturity of a note (Williams v. Pelley, 96 Ill. App. 346); and in Noble v. Nugent, 89 Ill. 522, it was held that "payments made to an agent are good and obligatory upon the principal in all cases where the agent is authorized to receive payment, either by express authority, or by that resulting from the usage of trade, or from the particular dealings between the parties;" and in Thornton v. Lawther, 169 Ill. 228, it was said: "Though authority to an agent to receive payment of a debt is not of itself authority to receive it before maturity, yet such authority may be implied from a known usage of trade or course of dealing in the particular employment, or from a prior course of dealing between the principal and agent."

Appellee reposed confidence in Parmele and her loss was occasioned thereby.

The decree of the Circuit Court is affirmed.