## Albert Haas Lumber Co., Defendant in Error, v. Harty Bros. & Harty Co., Plaintiff in Error.

## Gen. No. 16,363.

1.  SALES—*when custom competent. Held,* that a local custom by which a local broker habitually settled disputes arising as to the grade and quality of lumber was competent.

2.  SALES—*when previous course of dealing competent. Held,* that a previous course of dealing as to settlement of disputes was competent.

Error to the Municipal Court of Chicago; the HON. WM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed March 30, 1912.

BULKLEY, GRAY & MORE, for plaintiff in error; C. PAUL TALLMADGE, of counsel.

324     Appellate Courts of Illinois.

Haas Lumber Co. v. Harty Bros. & Harty Co., 169 Ill. App. 323.

Eastman & White, for defendant in error.

Mr. Presiding Justice Baume delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the Municipal Court upon a verdict directed by the Court against plaintiff in error for $212.50. There is no appearance by defendant in error in this court.

On January 27, 1909, at the solicitation of Lewis E. Starr, doing business as a lumber broker in the city of Chicago, under the name of The Starr Lumber Co., plaintiff in error ordered a car of lumber designated as "1" Smoke dried, Rgh., B & better yellow Pine finish," at $25.50 per thousand feet. On the same day the order was communicated by Starr to defendant in error, doing business at Atlanta, Georgia, and on February 1st following, the lumber was delivered to plaintiff in error upon the track. An examination of the lumber by plaintiff in error disclosed that it did not conform to the grade and quality of lumber ordered, and plaintiff in error thereupon refused to unload the lumber, and so notified Starr, the broker. Starr examined the lumber and found the same to be below grade, and directed plaintiff in error to sort it out and retain such of it as was up to grade and then told plaintiff in error he would sell the remainder to some one else. Plaintiff in error retained 2420 feet of the lumber, as up to grade, and the remainder, 14,510 feet, was sold by Starr to one Krueger, who hauled it away.

Defendant in error brought suit against plaintiff in error to recover for all the lumber shipped to it, and the amount of the judgment, upon a verdict directed by the court, represents the contract price less the freight. Plaintiff in error offered to pay for the lumber retained by it at the contract price.

Upon the trial plaintiff in error sought to show the existence of a general, uniform custom or usage in the lumber trade in Chicago, with respect to the authority

of a local broker selling lumber for dealers, doing business in outside territory, to settle disputes arising as to the grade and quality of lumber shipped by such outside dealers, and to re-sell such portions as were properly rejected. Plaintiff in error also sought to show the previous course of dealing between defendant in error and Starr relating to transactions wherein disputes had arisen with reference to the grade and quality of lumber shipped by defendant in error to other vendees, upon orders secured by Starr. In both instances the proof sought to be adduced by plaintiff in error was held by the trial court to be incompetent and immaterial. The proof offered should have been admitted, and its exclusion was clearly prejudicial to plaintiff in error.

In Bailey v. Bensley, 87 Ill. 556, it was held that a person who deals in a particular market must be taken to deal according to the known, general and uniform custom or usage of that market; and he who employs another to act for him at a particular place or market must be taken as intending that the business to be done will be done according to the usage and custom of that place or market, whether the principal in fact knew of the usage or custom or not. See also, Eau Claire Canning Co. v. Western Brokerage Co., 213 Ill. 561.

In Saladin v. Mitchell, 45 Ill. 79, the authority of a broker in conformity with commercial usage, to rescind a sale, was expressly recognized.

Evidence of prior general course of dealing between a principal and agent is competent as tending to show the extent of the agency. Doan v. Duncan, 17 Ill. 272; Thornton v. Lawther, 169 Ill. 228; McIntosh v. Ransom, 106 Ill. App. 172.

For error in excluding the proffered evidence the judgment is reversed and the cause remanded.

*Reversed and remanded.*